# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CARLOS HOPKINS,<br>　　　Petitioner, | Case No. 1:18-cv-297 |
| | Barrett, J. |
| vs. | Bowman, M.J. |
| WARDEN, BELMONT<br>CORRECTIONAL INSTITUTION,<br>　　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate at the Belmont Correctional Institution,[1] has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition (Doc. 1), respondent's motion to dismiss (Doc. 7), and petitioner's response in opposition (Doc. 8).

## I. PROCEDURAL HISTORY

### State Trial Proceedings and Direct Appeal

On February 5, 2004, the Butler County Court of Common Pleas filed a Bill of Information charging petitioner with one count of rape, in violation of Ohio Rev. Code § 2907.02(A)(1)(b), and one count of gross sexual imposition, in violation of Ohio Rev. Code § 2907.05(A)(4), involving his seven-year-old daughter. (Doc. 6, Ex. 1; *see also* Doc. 6, Ex. 13, at PageID 132). On the same date, petitioner, through counsel, waived his right to a jury trial and entered a plea of guilty to both counts. (Doc. 6, Exs. 3, 4). On February 9, 2004, the trial court sentenced petitioner to an agreed-upon term of imprisonment of ten years on the rape count and five years on the gross sexual imposition count, to run consecutively. (Doc. 6, Ex. 5; *see also* Doc. 5, Ex. 4, at PageID 71). Petitioner was classified as a sexual predator. (Doc. 6, Ex. 6).

---

[1] The last mail to petitioner was returned marked "Not at this address/Paroled." (*See* Doc. 9). Petitioner has not provided an updated address.

Petitioner did not appeal his conviction and sentence. (*See* Doc. 7, at PageID 223).

### First Motion to Withdraw Guilty Plea

On October 2, 2012, petitioner filed a pro se motion to withdraw his guilty plea and/or for relief from judgment on the grounds that his convictions were allied offenses of similar import and should have been merged for sentencing. (Doc. 6, Ex. 7). The trial court denied the motion on November 6, 2012, finding that the motion was barred by res judicata and, alternatively, that the convictions did not constitute allied offenses of similar import. (Doc. 6, Ex. 9).

On December 3, 2012, petitioner filed a timely appeal to the Ohio Court of Appeals. (Doc. 6, Ex. 10). On August 27, 2013, the Ohio Court of Appeals affirmed the judgment of the trial court. (Doc. 6, Ex. 13). Petitioner did not appeal to the Ohio Supreme Court. (*See* Doc. 7, at PageID 224).

### Second Motion to Withdraw Guilty Plea

On July 22, 2016, petitioner filed, pro se, a second motion to withdraw his guilty plea, claiming that his plea was involuntary. (Doc. 6, Ex. 14). The trial court denied the motion on August 23, 2016, finding that the motion was barred by res judicata and, alternatively, failed on the merits. (Doc. 6, Ex. 16).

On September 13, 2016, petitioner filed a timely appeal to the Ohio Court of Appeals. (Doc. 6, Ex. 17). On October 31, 2016, the Ohio Court of Appeals ordered petitioner to comply with court rules regarding service of his brief. (Doc. 6, Ex. 19). On December 13, 2016, the Court dismissed the appeal for failure to comply. (Doc. 6, Ex. 20). On May 31, 2017, the Ohio Supreme Court denied further review. (Doc. 6, Ex. 25).

**Third Motion for Relief from Guilty Plea**

On June 22, 2017, petitioner filed a motion in the trial court titled "Similar Import Plea," again claiming that his convictions were allied offenses of similar import. (Doc. 6, Ex. 26). On February 14, 2018, the trial court denied the motion, finding that it was barred by res judicata and, alternatively, without merit. (Doc. 6, Ex. 29). Petitioner did not appeal. (*See* Doc. 7, at PageID 225).

**Federal Habeas Corpus**

On March 22, 2018, petitioner commenced the instant federal habeas corpus action.[2] (*See* Doc. 7). Petitioner raises the following three grounds for relief in the petition:

> **GROUND ONE**: Trial court violated Petitioner's right by failing to merge multiple counts as allied offenses of similar import.
>
> Supporting facts: The conduct of the Petitioner can be construed as two allied offenses and the trial court should have merged the offenses because the Petitioner should have been convicted of only one count.
>
> **GROUND TWO**: Trial court failed to follow proper procedure of producing the record of plea agreement hearing was court's plain error.
>
> Supporting facts: The trial court failed to provide record of the plea agreement/hearing w[h]ere there was an error when the Appellant was sent records for case no. CA 2016 03 0060, not his own. The state did not produce records to allow the Court discretionary review of the plea agreement causing prejudicial harm to the Petitioner.
>
> **GROUND THREE:** Trial court violated Petitioner's rights by sentencing him with consecutive sentences that were contrary to law.

---

[2]Although petitioner submitted the petition to the federal courts on April 25, 2018, petitioner avers that he placed the petition in the prison mailing system on March 22, 2018. (*See* Doc. 1 at PageID 20). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on March 22 2018.

>    <u>Supporting facts</u>:  The Petitioner was sentenced to 15 years when he should have been sentenced that he can served his sentences concurrently as the court sentenced him to served them consecutively.

(Doc. 1).

Respondent has filed a motion to dismiss the petition, arguing that it raises grounds that are barred by the statute of limitations or, alternatively, procedurally defaulted.  (Doc. 7, at PageID 226-32).  Respondent also argues that Grounds One and Three are non-cognizable on federal habeas review.  (Doc. 7, at PageID 232-34).  For the reasons that follow, the Court finds that respondent's motion to dismiss should be granted but, in part, for different reasons.  The Court finds that Grounds One and Three are barred by the statute of limitations and, therefore, does not reach respondent's alternative arguments for dismissal of these grounds.  The Court finds that Ground Two is non-cognizable on federal habeas review because it asserts errors that relate solely to petitioner's collateral review proceedings.

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

### A. Ground Two is not cognizable.

In Ground Two, petitioner claims that the "[t]rial court failed to follow proper procedure of producing the record of plea agreement hearing." (Doc. 1, at PageID 12).  From the 2016 date of the record mentioned in the supporting facts to this ground, the Court understands petitioner to be raising alleged errors concerning the record on appeal from the denial of his 2016 motion to withdraw his guilty plea.  (*See* Doc. 1, at PageID 12, 24; *see also* Doc. 5, Ex. 24, at PageID 204-05 (mentioning the allegedly erroneous transmission of records from Case No. CA 2016 03 0060 as a basis for jurisdiction in the Ohio Supreme Court following the dismissal of his appeal)).

Ground Two fails to give rise to a cognizable constitutional claim subject to federal

4

habeas corpus review. "[H]abeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief." *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001); *see also Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986) (finding that habeas corpus "is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings"). Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention. *Kirb*y, 794 F.2d at 247; *see also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007). A petitioner's claims "must directly dispute the fact or duration of the confinement." *Kirby*, 794 F.2d at 248. A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable. *See id*. at 247-48.

Petitioner's claim that the trial court failed to follow the proper procedures for transmitting the record on appeal in his post-conviction proceeding challenges the correctness of the state's post-conviction process and not his convictions. Accordingly, Ground Two of the petition fails to raise a cognizable claim for relief and should be dismissed.

**B. Petitioner's remaining grounds for relief are time-barred.**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

>applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's remaining grounds for habeas relief are based on alleged errors that occurred at sentencing. Because petitioner was aware of the facts underlying his claims by the close of direct review or the expiration of the time for seeking such review, his remaining grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

Because petitioner did not file a direct appeal, his convictions became final under § 2244(d)(1)(A) on March 10, 2004, thirty days after the entry of his February 9, 2004 judgment of conviction. *See* Ohio App. R. 4(A)(1). The statute commenced running on March 11, 2004, the next business day after petitioner's convictions became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on March 11, 2005, absent the application of statutory or equitable tolling principles.

6

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had already expired by the time petitioner filed his unsuccessful post-conviction relief motions. *See Vroman,* 346 F.3d at 602; *see also Eberle v. Warden*, 532 F. App'x 605, 608-09 (6th Cir. 2013) (holding that a motion to withdraw a guilty plea in Ohio does not serve to restart the AEDPA's one-year statute of limitations or otherwise alter the date on which a conviction becomes final under § 2244(d)(1)(A)).

7

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012). Petitioner has not met his burden to demonstrate that the limitations period should be equitably tolled in this case.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

8

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on March 11, 2004 and expired one year later on March 11, 2005. Statutory or equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case.

Accordingly, respondent's motion to dismiss (Doc. 7) should be **GRANTED** and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be **DISMISSED with prejudice**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED**, and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED with prejudice**.

2. A certificate of appealability should not issue with respect to any of the grounds for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CARLOS HOPKINS,                          Case No. 1:18-cv-297
    Petitioner,

                                              Barrett, J.
vs.                                            Bowman, M.J.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,
    Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).